## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------

| | | |
|---|---|---|
| AMERICAN SECURITY INSURANCE | : | |
| COMPANY a/s/o Wells Fargo Bank | : | Case No.: |
| 260 Interstate North Cir SE | : | |
| Atlanta, Georgia  30339 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LION TREE LLC | : | |
| 1771 Madison Avenue, Suite 12 | : | |
| Lakewood, New Jersey 08701 | : | |
| | : | |
| And | : | |
| | : | |
| JORGE LABOY | : | FEBRUARY 8, 2018 |
| 39 Wilson Avenue | : | |
| Trumbull, Connecticut  06611 | : | |
| | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

NOW COMES Plaintiff American Security Insurance Company a/s/o Wells Fargo by and through its undersigned counsel, and for its Complaint against Defendants, Lion Tree LLC and Jorge Laboy alleges as follows:

## PARTIES

1. Plaintiff, American Security Insurance Company (hereinafter "American Security"), is a corporation duly organized and existing under the laws of the State of Georgia

with its sole principal place of business located at 260 Interstate North Circle SE, Atlanta, Georgia 30339, and at all times hereinafter mentioned was duly authorized to issue insurance policies in the State of Connecticut.

2.      Defendant, Lion Tree LLC  (hereinafter "Lion Tree ") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its sole principal place of business located at 1771 Madison Avenue, Suite 12, Lakewood, New Jersey  08701.

3.      Defendant, Jorge Laboy, (hereinafter "Laboy") is an adult individual who upon information and belief, is a citizen of the state of Connecticut who resides at 39 Wilson Avenue, Trumbull, Connecticut, 06611.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked under 28 U.S.C. §1332, as this action is between persons of diverse citizenship and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because the occurrence giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

6.     Plaintiff's insured, Wells Fargo Bank, ("Wells Fargo") is a corporate banking entity that for all times relevant owned the residency located at 1008 Stafford Avenue, Bristol, Connecticut 06010 (hereinafter "the subject premises").

7.     At all times material hereto, Plaintiff American Security provided property insurance coverage to Wells Fargo for the subject premises,

8.     At all times material to this Complaint, Defendant Lion Tree was in the business of providing property oversight and management services including the subject premises.

9.     At all times material to this Complaint, Defendant Laboy was engaged in the business of *inter alia,* home repairs including but not limited to plumbing work for residential and commercial clientele.

10.     On or about March 5, 2016, a fire originated in the basement of the subject premises causing the total destruction of the subject premises.

11.     The aforementioned fire and resulting damage was caused by defendants negligence, gross negligence, carelessness and negligent acts or omissions.

12.     Pursuant to the terms and conditions of the policy, American Security made payments to Wells Fargo for the property destruction in excess of $250,757.00.

13.     Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, American Security is subrogated to the rights of its insured to the extent of its payments.

## COUNT I

### NEGLIGENCE
### PLAINTIFF v. DEFENDANT LABOY

14.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

15.     The aforementioned fire and the subsequent destruction of Wells Fargo's property was a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of the defendant, its employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

(a)     failing to properly and adequately, install, inspect, maintain, weld and solder the plumbing and related fixtures at the premises;

(b)     failing to properly and adequately perform, manage, supervise or inspect his work at the premises;

(c)     failing to hire proper and adequate employees, agents and/or contractors;

(d)    failing to perform his work at the premises in conformity with good practice, industry standards and due care;

(e)    failing to obtain the necessary and proper licenses and permits to lawfully perform his work at the subject premises;

(f)    failing to properly and adequately perform his services, and/or complete the work;

(g)    failing to act with reasonable care under the circumstances so as to protect the premises from fire;

(h)    failing to properly warn plaintiff of the hazardous and dangerous conditions of the plumbing and related fixtures, which they knew, or should have known, existed at the premises and creating an unreasonable risk of harm to plaintiff's property; and

(i)    otherwise failing to act with due care under the circumstances.

16.    As a direct and proximate result of the aforesaid gross negligence, negligence, carelessness and negligent acts and/or omissions of Laboy, the aforementioned fire occurred causing the total destruction and demolition of the subject premises.

WHEREFORE, Plaintiff American Security demands judgment against Defendant Jorge Laboy in excess of Two Hundred Fifty Thousand, Seven Hundred Fifty Seven Dollars

($250,757.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

**COUNT II**

**NEGLIGENCE**
**PLAINTIFF v. DEFENDANT LION TREE**

17.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

18.     The aforementioned fire and the subsequent destruction of Wells Fargo's property was a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of the defendant, its employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

> (a)     failing to properly and adequately maintain the subject premises and perform its contractual duties;
>
> (b)     failing to hire proper and adequate employees, agents and/or contractors;
>
> (c)     failing to properly and adequately perform, manage, supervise or inspect the subject premises including the work being performed by co-defendant, Laboy;

(d)   failing to reasonably anticipate damage to plaintiff's insured's property as a natural and probable consequence of its actions and/or inactions;

(e)   failing to ensure the necessary and proper licenses and permits were secured for work performed at the subject premises;

(f)   allowing the plumbing and related fixtures and surrounding areas to remain in a dangerous condition, which the defendant knew or should have known existed and creating an unreasonable risk of harm to the plaintiff's insured's property;

(g)   failing to take steps to correct the aforesaid dangerous conditions;

(h)   failing to take adequate and necessary precautions to prevent the damage to plaintiffs' property;

(i)   failing to detect and warn of dangerous conditions;

(j)   failing to perform its duties in conformity with good practice, industry standards, and due care; and

(k)   otherwise failing to act with due care under the circumstances.

19.   As a direct and proximate result of the aforesaid gross negligence, negligence, carelessness and negligent acts and/or omissions of Lion Tree, the aforementioned fire occurred causing the total destruction and demolition of the subject premises.

WHEREFORE, Plaintiff American Security demands judgment against Defendant Lion Tree LLC in excess of Two Hundred Fifty Thousand, Seven Hundred Fifty Seven Dollars ($250,757.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT III

### BREACH OF CONTRACT
### PLAINTIFF v. DEFENDANT LION TREE

20.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

21.     Prior to March 5, 2016, Lion Tree entered into a valid, enforceable contract with Wells Fargo to provide property oversight and management services of the subject premises.

22.     The work performed by Defendant Lion Tree pursuant to the aforementioned contract included but is not limited to, the hiring and oversight of work performed at the subject premises.

23.     Pursuant to the contract, Defendant Lion Tree expressly and/or impliedly agreed to fulfill its contractual duties and obligations at the subject premises in a safe, proper and professional manner.

24.     For the reasons more particularly set forth in Plaintiff's Count II above, Defendant Lion Tree, by and through its employees, agents, servants, representatives,

contractors and/or subcontractors acting within the course and scope of their employment or agency, breached the duties and obligations that they owed to Wells Fargo pursuant to the contract.

25.     Defendant Lion Tree's breach of its contractual duties and obligations directly and proximately caused the fire resulting in the total destruction and demolition of the the subject premises.

WHEREFORE, Plaintiff American Security demands judgment against Defendant Lion Tree LLC in excess of Two Hundred Fifty Thousand, Seven Hundred Fifty Seven Dollars ($250,757.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## COUNT IV

### BREACH OF THE IMPLIED WARRANTY OF WORKMANLIKE SERVICES
### PLAINTIFF v. DEFENDANT LION TREE

26.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

27.     By agreeing to oversee and manage the subject premises and accepting payment for same, the defendant expressly and/or impliedly warranted that its services would be performed in a good and workmanlike manner.

28.     The defendant breached the aforesaid express and/or implied warranties by failing to oversee and manage the subject premises, including but not limited to the hiring and

the oversight of work performed there, so as to protect Wells Fargo property from fire and destruction.

29.    As a direct and proximate result of the breach of the aforementioned warranties, the aforementioned fire occurred causing the total destruction and demolition of the subject premises.

WHEREFORE, Plaintiff American Security demands judgment against Defendant Lion Tree LLC in excess of Two Hundred Fifty Thousand, Seven Hundred Fifty Seven Dollars ($250,757.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Dated:  February 8, 2018

Respectfully submitted,
THE PLAINTIFF,

By: _____
David J. Crotta, Jr.
Mulvey, Oliver, Gould & Crotta
2911 Dixwell Avenue
Hamden, CT  06518
Tel:  203-624-5111
Fax:  203-789-8371
crotta@moglaw.com

Of Counsel
Erick J. Kirker, Esquire
Cozen O'Connor
1650 Market Street, Floor 28
Philadelphia, PA  19103
215-665-2172
ekirker@cozen.com