**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AMERICAN SECURITY INSURANCE CO. ) | CIVIL ACTION NO. 3:18-CV-239 (VLB) |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | |
| LION TREE, LLC, ET AL ) | |
| ) | |
| DEFENDANT. ) | APRIL 5, 2018 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LION TREE, LLC'S MOTION TO DISMISS

By Motion filed simultaneously herewith, Defendant Lion Tree, LLC ("Lion Tree" or "Defendant") submits this Memorandum of Law in Support of its Motion to Dismiss Count Three of Plaintiff American Security Insurance Co.'s ("ASIC" or "Plaintiff") Civil Complaint dated February 8, 2018 (the "Complaint"), on the basis that Count Three fails to state a claim upon which relief can be granted as neither Plaintiff, nor its subrogor, Wells Fargo Bank, are parties to the referenced contract, and Plaintiff fails to allege Well Fargo's performance under the contract.

### I. BACKGROUND

On or about February 18, 2016, Defendant entered into a contract with Superior Home Services, Inc., to perform repairs at the property known as 1008



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**Stafford Ave., Bristol, CT (the "premises"). At the time the contract was entered into, it is alleged that Wells Fargo was the owner of the premises in question. Per Plaintiff's Complaint, Defendant hired Jorge Laboy to perform some work on the property.**

**On or about March 5, 2016, a fire originated in the basement to the premises which caused damages to the premises. It is alleged that at the time of the fire, the premises was insured by ASIC. As such, ASIC paid Wells Fargo $250,757.00 and in turn, per the allegations of the complaint, received the right to subrogate to the rights of Wells Fargo.**

**On or about February 8, 2018, ASIC, as subrogee of Wells Fargo, commenced the underlying civil action alleging that Jorge Laboy caused the fire through his negligent work during the scope of his employment with Defendant. Plaintiff alleges that Defendant was also negligent in its hiring and supervision of Laboy and in its supervision and management of the premises. Plaintiff also alleges that Defendant breached a contract it had with Wells Fargo through its actions that allowed the fire to occur, and breached the implied warranty of workmanlike service.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Gross v. Rell*, 695 F.3d 211, 215 (2d Cir. 2012). The United States Court of Appeals for the Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles. See *Harris v. Mills,* 572 F.3d 66 (2nd Cir. 2009) (*citing*, *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (*quoting*, *Iqbal,* 556 U.S. at 678). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting*, *Iqbal,* 556 U.S. at 663-64). "When there are well-pleaded factual

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679. The Court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in the Plaintiff's favor. See *Zinermon v. Burch,* 494 U.S. 113, 118 (1990); *In re NYSE Specialists Secs. Litig.,* 503 F.3d 89, 91 (2nd Cir. 2007). Plaintiffs, however, must do more than simply set out the elements of their claims; they must plead "a complaint with enough factual matter (taken as true) to suggest the required element." *Id.* at 234 (*quoting*, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* If the Court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief, then it will grant

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

dismissal pursuant to Rule 12(b)(6). *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2nd Cir. 1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2nd Cir. 2001) (*quoting, Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

III. **LEGAL ARGUMENT**

A. **Count Three Fails to Allege the Necessary Elements of a Breach of Contract Claim.**

Plaintiff's Third Count of its Complaint alleges that Defendant breached a contract it entered into with Wells Fargo sometime prior to March 5, 2016. Said contract allegedly called for Defendant to provide property oversight and management services for the subject premises. See *Compliant*, ¶ 21. Plaintiff went on to further allege that Defendant breached its contract obligations, which resulted in the fire at the premises, therein causing damage to Wells Fargo.

Plaintiff's Third Count must be dismissed, however, for the simple reason that no contract exists between Wells Fargo and Defendant; thus Plaintiff cannot properly plead the formation of an agreement. Plaintiff further fails to allege that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Wells Fargo performed under the contract. Therefore, Plaintiff fails to state any valid claim for breach of contract.

The law regarding breach of contract is well settled. A claim for breach of contract in Connecticut must establish: "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the opposing party; (4) direct and proximate cause; and (5) damages." *Hartford Roman Catholic Diocesan, Corp. v. Interstate Fire & Cas. Co.*, 199 F. Supp. 3d 559, 581–82 (D. Conn. 2016) (Emphasis added).

"It is axiomatic that an action upon a contract or for breach of a contract can be brought and maintained by one who is a party to the contract sued upon...." *Chila v. Stuart*, 81 Conn. App. 458, 464 (2004). There is no question that "one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . ." See *Coburn v. Lenox Homes, Inc.*, 173 Conn. 567, 570 (1977).

Here, within Count Three, Plaintiff alleges that a contract existed between Wells Fargo and Defendant. Plaintiff, however, fails to allege that the contract was oral or that Wells Fargo was a third-party beneficiary to the contract. Rather, Plaintiff simply claims that Wells Fargo entered into a valid, enforceable contract.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

See *Complaint*, ¶ 21. However, pursuant to the sole contract entered into by Defendant with regards to the subject premises, the contract that Plaintiff references is not between Wells Fargo and Defendant, but rather, between Superior Home Services, Inc. and Defendant. See Attached Exhibit A.

Plaintiff's Complaint stated that ASIC has a relationship with Wells Fargo, but it does not plead any relationship with Superior Homes Services, Inc. As such, neither Plaintiff nor Wells Fargo are in privity of contract with Defendant, and therefore, no actual agreement was formed. Without a valid contract entered into by Plaintiff or Wells Fargo, Plaintiff is unable to make a proper claim for breach of contract. See *Coburn*, 173 Conn. at 570.

Furthermore, Plaintiff's Third Count fails to allege the required element of performance. In order to establish a breach of contract claim, Plaintiff must plead that one party performed under the contract. See *Hartford Roman Catholic Diocesan, Corp.*, 199 F. Supp. 3d. at 581–82.

Plaintiff's Complaint clearly states that Defendant did not perform pursuant to its obligations under the alleged contract. With these claims, it is evident that the only remaining party able to perform under the contract, and thus allege the element of performance, would be Wells Fargo. However, Plaintiff's Complaint

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

does not state that Wells Fargo performed under the contract, an omission explained by the fact that Wells Fargo was not a party to the contract in the first place. Regardless, Plaintiff's failure to allege that one party performed under the contract results in Plaintiff improperly pleading a claim for breach of contract. Accordingly, Plaintiff's Third Count must now be dismissed as relief cannot be granted.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, Defendant Lion Tree, LLC, respectfully moves to dismiss Count Three of Plaintiff American Security Insurance Co.'s Complaint.

                                                                              THE DEFENDANT:
                                                                              LION TREE, LLC

                                                                              By <u>*/s/ - Brian D. Rich*</u>
                                                                                 Brian D. Rich of
                                                                                 HALLORAN & SAGE LLP
                                                                                 225 Asylum Street
                                                                                 Hartford, CT 06103
                                                                                 Fed. Bar #ct 24458
                                                                                 Phone:   860 297-4698
                                                                                 Fax:   860-548-0006
                                                                                 rich@halloransage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

**This is to certify that on this 5th day of April, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.**

**Andrew Buchetto**
**David Crotta, Jr.**
**Mulvey, Oliver, Gould & Crotta**
**2911 Dixwell Ave.**
**Hamden, CT 06518**
**buchetto@moglaw.com**

**Erick J. Kirker**
**Cozen O'Connor**
**1650 Market Street, Floor 28**
**Philadelphia, PA 19103**
**ekirker@cozen.com**

                                            /s/ **Brian D. Rich**
                                            **Brian D. Rich**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105